IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**LARRY W. KELLY, JR.,**　　　　　　　　　　　　　　　　　　　　　　　**PETITIONER**
**REG. #07533-095**

v.　　　　　　　　　　　Case No. 2:24-cv-00061-KGB

USA　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**RESPONDENT**

**ORDER**

Before the Court are the Proposed Findings and Recommendations ("Recommendations") from United States Magistrate Judge Joe J. Volpe (Dkt. No. 5). Petitioner Larry W. Kelly, Jr. requested an extension of time to file objections to the Recommendations (Dkt. No. 6). On August 28, 2024, the Court granted Kelly's motion and extended the time to object (Dkt. No. 8). The Court considers Kelly's August 12, 2024, objections as timely filed (Dkt. No. 7). After careful review of Judge Volpe's Recommendations and Kelly's objections, as well as *de novo* review of the record, this Court adopts Judge Volpe's Recommendations in their entirety as this Court's findings of fact and conclusions of law in all respects (Dkt. No. 5). Also before the Court is Kelly's motion for a status update his pending petition for writ of *habeas corpus* (Dkt. No. 9). The Court grants Kelly's motion and determines that this Order and accompanying judgment provide a sufficient status update (*Id.*).

The Court has carefully reviewed Kelly's objections. His objections do not persuade this Court to reject Judge Volpe's Recommendations. Specifically, Kelly argues that he should be permitted to proceed under 28 U.S.C. § 2241 because, as he claims, he is actually innocent and because newly discovered evidence not previously available establishes this. However, as the Recommendations properly explain, 28 U.S.C. § 2255 is not inadequate or ineffective when a petitioner has had an opportunity to present a claim beforehand (Dkt. No. 5, at 4). Further, even

if the Court credits Kelly's objections, Kelly has not shown that § 2255 would be inadequate or ineffective for pursuing his claim.  Indeed, Kelly's actual-innocence claim based on newly discovered evidence is squarely within the class of cases for which successive § 2255 motions are permitted—provided that the defendant receives permission from the appropriate court of appeals to file a successive motion.  *See* 28 U.S.C. § 2255(h)(1).  Because Kelly does not allege that his § 2255 proceeding was inadequate or ineffective, he cannot rely on the savings clause to bring his claim under § 2241.  This Court lacks jurisdiction to hear the merits of Kelly's actual innocence argument under the § 2241 posture.

Kelly's petition for writ of *habeas corpus* under § 2241 is dismissed, without prejudice, for lack of jurisdiction (Dkt. No. 1).  His request for relief is denied.  The Court grants Kelly's motion for a status update and determines that this Order and accompanying judgment provide a sufficient status update (Dkt. No. 9).

It is so ordered this the 26th day of January, 2026.

_____
Kristine G. Baker
Chief United States District Judge